# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **KIWANNA JAMES,** | CASE NO. 3:21 CV 486 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BENJAMIN SALPIETRO, M.D.,** | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### BACKGROUND

*Pro se* Plaintiff Kiwanna James filed an *in forma pauperis* complaint in this matter against Defendant Benjamin Salpietro, M.D. (Doc. 1).

Plaintiff alleges she injured her ankle in November 2017, and Defendant treated her injury. *Id.* at 1-2. But she is not satisfied with his treatment: Plaintiff claims Defendant released her to work prematurely without any physical therapy; rescinded that work release to send her to therapy, also prematurely; and the screws he put in her ankle were too long or tilted out. *Id.* at 3-4. Her complaint states she sought a second opinion from a "Dr. Ebrahiem". *Id.* at 8. During this time, Plaintiff alleges Defendant abandoned and discharged her without her knowledge. *Id.* She treated conservatively with Dr. Ebrahiem, getting a joint injection, and is now seeking another surgery to remove hardware she claims Defendant installed improperly. *Id.* at 9. She seeks $1,000,000 in damages for "patient abandonment and premature discharge," "patient discrimination," and "medical malpractice." *Id.* at 12.

## STANDARD OF REVIEW

Although *pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court shall dismiss as frivolous a complaint filed *in forma pauperis* lacking a basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) "When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)." *Bradford v. Miller*, 2014 WL 12571412, at *1 (S.D. Ohio), *report and recommendation adopted*, 2014 WL 12571413 (S.D. Ohio).

## DISCUSSION

Upon review, the Court finds Plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

A district court must dismiss *in forma pauperis* complaints that are frivolous. *Hill*, 630 F.3d at 470. "A case is frivolous if it lacks an arguable basis either in law or in fact." *Perry v. Broad. Music, Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001). Jurisdictional defects can render a case frivolous and subject to dismissal under § 1915(e)(2)(B). *Id.* at 211-12; *see also* Fed. R. Civ. P. (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings a medical malpractice claim against Defendant, alongside what the Court construes as common law tort claims. *See* Doc. 1, at 12. Medical malpractice claims do not arise from federal law, and Plaintiff has not alleged or identified any provision of federal law that gives rise to her causes of action, so this Court lacks federal question jurisdiction. *See* 28 U.S.C. § 1331; *Bradford*, 2014 WL 12571412, at *2 ("Plaintiff's state-law medical malpractice claims do not satisfy § 1331 because they do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights."). And Plaintiff alleges both she and Defendant are residents of Lucas County, Ohio. (Doc. 1-1, at 1). Thus, this Court lacks diversity jurisdiction over the claims. 28 U.S.C. § 1332(a). In short, none of Plaintiff's allegations give this Court original jurisdiction over her claims.

Because Plaintiff fails to allege any plausible federal claim and the Court lacks diversity jurisdiction over Plaintiff's state-law claims, the Court dismisses her case.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is hereby

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice; and it is

CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE